UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                  Plaintiff

v.                         CASE NO. 21-291

SEIDY MARLENY FLORES-RIVERA                               Defendant

**BRIEF IN SUPPORT OF MOTION TO ISSUE SUBPOENAS DUCES TECUM**

Defendant Seidy Flores-Rivera submits the following Brief in Support of her motion to issue subpoenas duces tecum.

Plaintiff has filed a second superseding indictment to which Seidy Flores-Rivera was named as a defendant. The indictment alleges violations of conspiracy to distribute controlled substances and conspiracy to commit money laundering. Defendants now move for subpoenas to be issued to acquire video footage of the actions that led directly to the Defendant being indicted and arrested.

**I.    FACTUAL BACKGROUND**

On or about September 28th, 2021, Plaintiff alleges that two locations led to the indictment of Defendant, Arlington Park Apartments, 3121 E. Park Row Dr. Arlington, Texas, (specifically the parking lot), and Homeboys Gas Station, 450 E. Interstate 30, Garland, Texas, (specifically the area around the gas pumps). The actions occurred between 6pm and 9pm on September 28th, 2021. Defense isn't aware of any other actions of the Defendant that led to the indictment, however, acknowledge that the Plaintiff may have more information it must release in discovery at a later date.

Time is of the essence; Defense Counsel is moving this Court to issue the subpoenas because it is possible this data may be lost between now and when the Defendant first appears in the Eastern District of Texas. Most companies must choose

1

how long to hold on to data (in this case, video recording) as keeping it forever is cost prohibitive. The videos the defense is seeking may be deleted tomorrow, it may be deleted next week, or it may have already been deleted. The defense has a right to go get these videos as fast as possible, and is asking this Court to assist in that endeavor as fast as possible.

II.     APPLICABLE LAW

The issuance of subpoenas in criminal proceedings is guided by Fed. R. of Crim. P. 17. Also, noting that Rule 17(a) is meant to be substantially the same as Rule 45(a) of the Federal Rules of Civil Procedure. 28 USC., Appendix. (Also noted in the Advisory notes of Rule 17 that the rules of Criminal Procedure and Civil Procedure as to subpoenas are meant to run in similar ways.

A. Issuance of the Subpoena: By this Court.

This court is the proper court to issue the subpoena. "A subpoena must issue from the court where the action is pending." Fed. R. of Civ. P. 45(a)(1)(D)(2). Note to Subdivision (a) of the Rules of Criminal Procedure 17, this Rule is substantially the same as Rule 45(a) of the Federal Rules of Civil Procedure. 28 USC., Appendix. The Defendant has made her initial appearance in the Eastern District of Arkansas and now will have a detention hearing in the Eastern District of Arkansas. The Defendant has yet to appear in the Eastern District of Texas and no appearance date has been scheduled. This Court is the court to issue a subpoena on the behalf of Seidy Flores-Rivera because this is where the action is pending.

B. Service of the Subpoena:

An issued subpoena may be served any where in the United States and any subpoena issued for production of documents within 100 miles of where the person subpoenaed works

or is employed. Fed. R. of Crim. P. 17(d), Fed. R. Civ. P. 45(c) and (e)(1), and 28 USC., Appendix. The companies and the employees tasked with producing the documents will be well within the 100-mile radius and no hardship will be placed on them. In the light of present-day facilities for communication and travel, the territorial range of the service allowed, analogous to that which applies to the service of a subpoena under Rule 45(e)(1), can hardly work hardship on the parties summoned. See *Pennsylvania R.R. v. Erie Avenue Warehouse Co.*, 5 F.R.Serv.2d 14a.62, Case 2 (3d Cir. 1962); *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); *United Artists Corp. v. Masterpiece Productions, Inc.*, 221 F.2d 213 (2d Cir. 1955); *Lesnik v. Public Industrials Corp.*, 144 F.2d 968 (2d Cir. 1944); *Vaughn v. Terminal Transp. Co.*, 162 F.Supp. 647 (E.D.Tenn. 1957); and compare the fifth paragraph of the Advisory Committee's Note to Rule 4(e), as amended. The amendment is but a moderate extension of the territorial reach of Federal process and has ample practical justification. See 2 Moore, *supra*. §4.01[13] (Supp. 1960); 1 Barron & Holtzoff, supra, §184; Note, 51 Nw.U.L.Rev. 354 (1956). *But cf*. Nordbye, *Comments on Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 18 F.R.D. 105, 106 (1956). The Rules concerning who and what can be subpoenaed seem to be centered around hardship for the subpoenaed. In this case, there is no hardship, this is where those individuals work. The employee would need to make copies of the videos and provide them to the Court or Counsel by email or at its most inconvenient, the regular mail. This task is usually part of every-day procedures for the individual tasked with monitoring security footage, as they are usually the person required to do so if harm comes to the place of business.

### III.   CONCLUSION

The Court has the power to issue subpoenas as this is the Court where the action is pending and should issue them. (Case number 4:21-mj-291 PSH).  The Defendant has yet to appear and there is no scheduled appearance in the Eastern District of Texas.  Time is of the essence as this data may be deleted.  There will be no hardship on those subpoenaed to produce the data (surveillance footage). With all of these factors considered the Court should issue both subpoenas.

Respectfully submitted,

Eugene Clifford
No.2012100
1014 W. 3rd St.
Little Rock, Arkansas 72201
(501) 404-0515 / fax (888) 501-4077
Email: Epclifford@zenithlaw.net

CERTIFICATE OF SERVICE

I, Eugene Clifford, do hereby swear that I have delivered a copy of this motion to the United States Attorney.

*/s/Eugene Clifford*